**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RENE AMARAT<br>126 Annabelle Avenue<br>Hamilton, NJ 08610<br>and<br>CARLOS MEDRANO<br>19-14 Pheasant Hollow Drive<br>Plainsboro, NJ 08536<br>and<br>BURNELL GAIN<br>319 Market Street, Apt # 1A<br>Trenton, NJ 08611<br><br>Plaintiffs,<br>v.<br><br>W.B. ADAMS TRUCKING, INC.<br>1005 Old White Horse Pike<br>Waterford, NJ 08080<br>and<br>WALTER ADAMS<br>1005 Old White Horse Pike<br>Waterford, NJ 08080<br>and<br>STEPHEN STALEY<br>1005 Old White Horse Pike<br>Waterford, NJ 08080<br>and<br>WARREN PARKER<br>1005 Old White Horse Pike<br>Waterford, NJ 08080<br><br>Defendants. | CIVIL ACTION<br><br>DOCKET NO.:<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiffs, by and through her undersigned counsel, hereby aver as follows:

## INTRODUCTION

1. This action has been initiated by Plaintiffs against Defendants for violations of 42 U.S.C. § 1981, the Fair Labor Standards Act ("FLSA" - 29 U.S.C. 201, *et. seq.*), and New Jersey State Laws. As a direct consequence of Defendants' unlawful actions, Plaintiffs seek damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights under such federal laws. This Court has supplemental jurisdiction over Plaintiffs' state-law claims because they arise out of the same common nucleus of operative facts as their federal law claims.

3. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this State and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiffs are adult individuals with addresses as set forth in the caption of this Complaint.

7. Defendant W.B. Adams Trucking Company, Inc. (hereinafter "Defendant WB") is a trucking company engaged in the business of providing transportation services.

8. Defendant Walter Adams was at all relevant times herein an owner, shareholder, and primary operator of Defendant WB.

9. Defendant Staley was at all relevant times herein a foreman who oversaw each individual plaintiff at various times and gave them direction and oversaw operations for Defendant WB in general.

10. Defendant Parker was at all relevant times herein a general manager who oversaw Plaintiffs, gave them direction, and who exercised control over the terms and conditions of Plaintiffs' employment.

11. At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff Amarat is a Hispanic male, and he was employed with Defendants from 2005 through the present.

14. Plaintiff Gain Burnell is a black male, and he was employed with Defendants from the summer of 2008 through part of 2011.

15. Plaintiff Medrano is a Hispanic male, and he was employed with Defendants from in or about June of 2009 through in or about October of 2010.

16. All three (3) Plaintiffs were employed with Defendants as drivers, and they assisted Defendants with contracts entered into with the United States Postal Service.

17. Plaintiffs transported and drove for Defendants solely within select Counties within New Jersey including Mercer, Ocean, Monmouth, Atlantic, and Middlesex.

18. Plaintiffs were not provided with employment handbooks and discrimination/wage policies.

19. Plaintiffs were minorities in a predominantly white employee-based company and may have been the only non-white employees during certain periods of their employment with Defendants.

20. Plaintiffs were not properly paid overtime compensation at a rate of time and one half when they worked overtime, had pay improperly withheld from their paychecks for hours they actually worked, and they often times were given less compensation and/or hours than non-black and non-Hispanic employees.

21. Plaintiffs each at different times prior to their terminations from Defendants expressed concerns about racially discriminatory disparate treatment (relating to hours given, work conditions, and being given inferior trucks), about wage and overtime violations, and Plaintiffs Medrano and Gain were both terminated in retaliation for the concerns they expressed.

22. Plaintiff Amarat was punished and retaliated against in the form of reduced hours, being subjected to a hostile work environment, and being given less income.

23. Each Individual Defendant is personally liable because they exercised control over the terms and conditions of Plaintiffs' employment, because they participated in

compensation and retaliatory decisions towards Plaintiffs, and because they perpetuated the unlawful conduct as described herein.

**First Cause of Action**
**Violations of 42 U.S.C. § 1981**
**([1] Unequal Pay; [2] Retaliation; [3] Hostile Work Environment)**
**- Against All Defendants -**

24. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

25. Plaintiffs complained about racial disparities within Defendants' workplace.

26. Each Plaintiff was paid disparately and/or given inferior trucks to drive based upon his race.

27. Plaintiffs Medrano and Gain were terminated because of their race and/or complaints of racial discrimination.

28. Plaintiff Amarat was discriminated against and/or retaliated against by being subjected to a hostile work environment, being given less compensation, and by being given less hours to work within Defendant voicing concerns of racial inequities.

29. These actions as aforesaid constitute violations of 42 U.S.C. § 1981.

**Second Cause of Action**
**Violations of the Fair Labor Standards Act ("FLSA")**
**([1] Failure to Pay Overtime Compensation; [2] Retaliation)**
**- Against All Defendants -**

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. Plaintiffs were not properly paid overtime compensation when they worked overtime for Defendants.

32. Plaintiffs Medrano and Gain were terminated in substantial part for their complaints of overtime violations.

33. Plaintiff Amarat was given a drastric reduction in hours and compensation when he voiced concerns of overtime violations (a series of retaliatory acts).

34. These actions as aforesaid constitute violations of the FLSA.

**Third Cause of Action**
**<u>Violations of New Jersey Wage Payment Law(s) & Wage and Hour Law(s)</u>**
**(Failure to Pay Owed Compensation & Failure to Pay Overtime Compensation)**
**- Against All Defendants -**

35. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36. Defendants failed to properly pay overtime compensation and owed wages to Plaintiffs and therefore violated the NJ Wage and Hour Laws and the NJ Wage Payment Laws.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiffs, reimburse Plaintiffs, and make Plaintiffs whole for any and all pay and benefits Plaintiffs would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

B. Plaintiffs are to be awarded actual damages, as well as damages for the pain and suffering, and humiliation caused by Defendants' actions (as permitted by applicable law);

C. Plaintiffs are to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F. Plaintiff shall be permitted to have a trial by jury as requested in the caption of this Complaint.

Respectfully submitted,

**KARPF & KARPF, P.C.**

By: ______________________

Ari R. Karpf
3070 Bristol Pike
Building 2; Ste. 231
Bensalem, PA 19020
(215) 639-0801

Dated: November 9, 2011